IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ELIJAH WEIR, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-6317 |
| | : | |
| DAVID J. NAPIORSKI, ESQ., | : | |
|    Defendant. | : | |

## MEMORANDUM

**BARTLE, J.**                                                                                                                 **JANUARY 14, 2021**

Plaintiff Elijah Weir, a convicted prisoner currently incarcerated at SCI-Houtzdale, has filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983, naming as Defendant Assistant District Attorney David J. Napiorski, Esquire.  (ECF No. 2.)  Weir has also filed a Motion for Leave to Proceed *in Forma Pauperis*, albeit without submitting a certified copy of his inmate account statement (ECF No. 1)[1], and a Motion for Preliminary Injunction (ECF No. 5.)  For the following reasons, this Court will dismiss Weir's Complaint pursuant to 28 U.S.C. § 1915A, deny his Motion for Preliminary Injunction, and deny his motion for leave to proceed *in forma pauperis* as moot.[2]

**I.**        **FACTUAL ALLEGATIONS**[3]

---

[1] On January 6, 2021, this Court denied without prejudice Weir's motion for leave to proceed *in forma pauperis* because of his failure to file an inmate account statement.  (ECF No. 6.)  The Order granted Weir 30 days in which to correct the error.  (*Id.*).  To date, Weir has not done so.

[2] Weir has also filed a Motion to Appoint Counsel.  (ECF No. 3.)  The motion will be denied, because as set forth in this Memorandum, Weir's Complaint does not state a plausible claim.  *See Tabron v. Grace*, 6 F.3d 147, 155 (3d Cir. 1993) (in determining whether appointment of counsel is appropriate, the Court should first determine whether plaintiff's lawsuit has a legal basis).

[3] The allegations set forth in this Memorandum are taken from Weir's Complaint.  The Court adopts the pagination assigned to the Complaint by the EC/ECF docketing system.

In his Complaint, Weir identifies Defendant Napiorski as the Respondent in habeas proceedings pending in this Court at Civ. A. No. 20-2485. (ECF No. 2 at 1.) Review of the docket in that case reveals that Defendant Napiorski, an Assistant District Attorney, is counsel for the Respondents. *See Weir v. Smith*, Civ. A. No. 20-2485. In this civil rights action, Weir alleges that, in his capacity as counsel in Weir's habeas case, Napiorski has breached his duty to Weir by circumventing the applicable Rules of Civil Procedure governing service of process by mailing documents through a third-party private contractor – Smart Communications. (Civ. A No. 20-6317, ECF No. 2 at 3.) As a result, Weir's mail is opened, copied, and mailed to him at his current institution, with the result that his private information, including his social security number, has been published to third parties. (*Id.* at 3-6.) Weir also asserts that use of Smart Communications unreasonably delays his receipt of service copies in his habeas case, and that this is Defendant Napiorski's intent – to obtain dismissal of those proceedings without procedural due process. (*Id.* at 5.) He identifies in particular the response to his habeas petition, which was served on November 9, 2020 through Smart Communications, and allegedly not received by Weir until after November 23, 2020. (*Id.* at 5.)

Weir asserts claims pursuant to 42 U.S.C. § 1983, based upon negligence, deliberate indifference, and violation of his Fourteenth Amendment due process rights. (*Id.* at 3-4.) As relief, he seeks a declaration that Defendant Napiorski's conduct is in violation of Weir's rights, an injunction removing Defendant Napiorski as counsel in Weir's pending habeas proceedings, compensatory damages for the unauthorized publication of his social security number, and punitive damages. (*Id.* at 8.)

On January 4, 2021, Weir filed a Motion for Preliminary Injunction. (ECF No. 5.) Therein, he requests an Order enjoining the use of Smart Communications as a means of service

in his habeas case and removal of Defendant Napiorski as counsel in those proceedings. (*Id.* at 1.)

Review of the public docket in *Weir v. Smith*, Civ. A No. 20-2485 reveals that, on November 9, 2020, the Respondents, through Defendant Napiorski, filed a response to the petition for writ of habeas corpus and served it upon Weir via "Smart Communications/PA DOC." (Civ. A. No. 20-2485, ECF No. 31 at 8.) The response is the most recent activity reflected on the docket. The action is still pending.

## II.     STANDARD OF REVIEW

Until recently, this Court would have been precluded from addressing a plaintiff's pleadings unless and until he either paid the fees or was granted leave to proceed *in forma pauperis*. *See, e.g.*, *Francis v. State of N.J. Office of Law Guardian*, 289 F. App'x 472, 474 (3d Cir. 2008) (per curiam) (explaining that district court erred in addressing complaint before IFP was granted, because the "complaint was not yet subject to dismissal"); *Urrutia v. Harrisburg Cty. Police Dep't*, 91 F.3d 451, 458 & n.13 (3d Cir. 1996) (explaining that an action commences when a plaintiff pays the fees or following a determination that the litigant is entitled to *in forma pauperis*). However, in *Brown v. Sage*, 941 F.3d 655, 660 (3d Cir. 2019) (en banc), the United States Court of Appeals for the Third Circuit recently announced a "flexible approach" that permits the screening of complaints filed by prisoners pursuant 28 U.S.C. § 1915A even if the prisoner has neither paid the fees nor been granted *in forma pauperis* status.

Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that "is frivolous, malicious, or fails to state a claim upon which relief may be granted." *Id*. §

1915A(b)(1).  A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).  As Weir is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Because Defendant Napiorski is not amenable to suit, Weir's Complaint must be dismissed and his Motion for Preliminary Injunction denied.

#### A. Immunity Bars Weir's Claims

As alleged, Weir's claims arise from Defendant Napiorski's participation as counsel for the Respondents in habeas proceedings, currently pending in this Court.  Prosecutors, however, are entitled to absolute immunity from liability under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process" such as "initiating a prosecution and . . . presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976).  Although Weir alleges that Defendant Napiorski was acting outside the scope of his duties when he utilized Smart Communications as a means of serving Weir (*see* ECF No. 2 at 4), the allegation is a conclusion that the Court is not bound to accept.  Moreover, serving court process is a core activity of representing the Commonwealth in the habeas proceedings.  As such, Defendant Napiorski is entitled to absolute immunity and the claims against him must be dismissed with prejudice.

#### B. Motion for Preliminary Injunction

On January 4, 2021, Weir filed a Motion for Preliminary Injunction. (ECF No. 5.) Therein, he requests an Order enjoining the use of Smart Communications as a means of service in his habeas case and removal of Defendant Napiorski as counsel for the Commonwealth in those proceedings. (*Id.* at 1.)

Federal Rule of Civil Procedure 65 governs temporary restraining orders and preliminary injunctions. "The standards for a temporary restraining order are the same as those for a preliminary injunction." *Bieros v. Nicola*, 857 F. Supp. 445, 446 (E.D. Pa. 1994). Preliminary injunctive relief "is not granted as a matter of right." *Kershner v. Mazurkiewicz*, 670 F.2d 440, 443 (3d Cir. 1982). Rather, a "preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (internal quotations omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. NRDC, Inc.*, 555 U.S. 7, 20 (2008); *Fulton v. City of Philadelphia*, 922 F.3d 140, 152 (3d Cir. 2019). "The first two factors are prerequisites for a movant to prevail." *Holland v. Rosen*, 895 F.3d 272, 286 (3d Cir. 2018). "If these gateway factors are met, a court then considers the remaining two factors and determines in its sound discretion if all four factors, taken together, balance in favor of granting the requested preliminary relief." *Reilly v. City of Harrisburg*, 858 F.3d 173, 179 (3d Cir. 2017). "A plaintiff's failure to establish any element in its favor renders a preliminary injunction inappropriate." *Nutrasweet Co. v. Vit-Mar Enters.*, 176 F.3d 151, 153 (3d Cir. 1999).

In order to prevail, therefore, Weir would need to establish at a minimum that he was likely to prevail on the merits of his § 1983 claims. However, as explained above, Weir has not even stated a plausible § 1983 claim, because Defendant Napiorski is absolutely immune from

suit.  It follows that Weir cannot establish he is likely to prevail on the merits of his claims.  Moreover, as to the threat of irreparable harm, Weir offers nothing more than his own speculation to suggest that the relief he requests will result in prevention of further harm.  He has not made any allegations upon which this Court could conclude that the issuance of extraordinary preliminary injunctive relief is necessary to prevent immediate and irreparable injury.  *See Holiday Inns of Am., Inc. v. B&B Corp.*, 409 F.2d 614, 618 (3d Cir. 1969) ("The dramatic and drastic power of injunctive force may be unleashed only against conditions generating a presently existing actual threat.").  Accordingly, his Motion for Preliminary Injunction will be denied.

## IV.   CONCLUSION

For the reasons stated, Weir's Complaint will be dismissed pursuant to § 1915A.  The dismissal will be with prejudice and no leave to amend will be granted because any amendment against the named Defendant would be futile.  *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  Additionally, Weir's Motion for Preliminary Injunction and his Motion to Appoint Counsel will be denied, and his motion for leave to proceed *in forma pauperis* will be denied as moot.  An appropriate Order follows.

                                                **BY THE COURT:**

                                               /s/ Harvey Bartle III

                                               **HARVEY BARTLE, III, J.**